JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs, and oral argument.
 {¶ 2} Defendant-appellant Wayne Wagamon appeals pro se from his conviction for speeding. We find no merit to the appeal and affirm.
 {¶ 3} Wagamon was cited for traveling thirty-eight miles per hour in a twenty-five miles per hour zone on Mayfield Road in Cleveland Heights. He contested the ticket, arguing that the area in which he was traveling was not a business district pursuant to R.C. 4511.01(NN) and, therefore, the speed limit on that road, being a state route, was 50 miles per hour.
 {¶ 4} The matter proceeded to a bench trial where the following evidence was presented.
 {¶ 5} Cleveland Heights Police Officer Skok testified that on May 18, 2002, at approximately 7:05 p.m., his radar indicated that Wagamon's vehicle was traveling thirty-eight miles per hour in twenty-five miles per hour zone on Mayfield Road. According to the officer, there is a twenty-five miles per hour speed limit sign posted on Mayfield Road between Newberry and Lee Roads and another sign posted between Superior and Hillcrest Roads. Wagamon was cited between the two intersections of Hillcrest and Superior.
 {¶ 6} The officer testified that the area where Wagamon was cited consisted of fifty percent business property. According to the officer, two car dealerships are located there and both have "huge" parking lots, which comprise fifty percent of the frontage along Mayfield between the two intersections. He also stated that a Walgreens drugstore, a bar, and a deli were located in the vicinity.
 {¶ 7} Officer Skok stated that the speed at which Wagamon was traveling was unreasonable for the conditions because, on the north side of Mayfield Road, children were walking towards Superior and cars were driving in and out of the car dealerships' service areas.
 {¶ 8} Based on the above evidence, the trial court found the area where Wagamon was cited constituted a business district. Since Wagamon did not contest the speed at which he was traveling, the trial court found him guilty of speeding and fined him $125 plus court costs.
 {¶ 9} Wagamon paid the court costs but obtained a bond for the fine. He raises two assignments of error on appeal.
 Area Comprised a Business District {¶ 10} In his first assignment of error, Wagamon argues that the evidence did not show that the area where he was speeding constituted a business district.
 {¶ 11} R.C. 4511.01(NN) defines "Business District" as follows:
 {¶ 12} "`Business District' means the territory fronting upon street or highway, including the street or highway, between successive intersections within municipal corporations where fifty per cent or more of the frontage between successive intersections is occupied by buildings in use for business, or within or outside municipal corporations where fifty per cent or more of the frontage for a distance of three hundred feet or more is occupied by buildings in use for business, and the character of such territory is indicated by official traffic control devices."
 {¶ 13} A review of the record indicates that Wagamon was stopped between the two intersections of Hillcrest and Superior. Officer Skok testified that the area on Mayfield Road where Wagamon was cited is comprised of fifty percent business frontage because it is at that location where the "huge" parking lots for two car dealerships are located. The officer also stated that there is a Walgreens, a bar, and a deli in the vicinity.
 {¶ 14} Although Wagamon argued that the parking lots of the car dealerships should not be considered business property, the trial court correctly found that since the parking lots were for conducting the car dealership businesses, they were properly included.
 {¶ 15} Officer Skok also testified that two signs are posted along the way that Wagamon traveled indicating the speed limit was twenty-five miles per hour. These signs constitute "traffic control devices" pursuant to R.C. 4511.01(QQ).
 {¶ 16} Based on this evidence, the trial court did not err in finding the area constituted a business district.
 {¶ 17} Wagamon's first assignment of error is overruled.
 Reasonableness of the Speed {¶ 18} In his second assignment of error, Wagamon argues that the speed of thirty-eight miles per hour was not unreasonable for the conditions at the time he was cited.
 {¶ 19} Officer Skok testified that the speed at which Wagamon was traveling was unreasonable because there were children walking in the area and other cars were driving on the street and entering and exiting the car dealerships. Based on the officer's testimony, there was sufficient evidence that the speed at which Wagamon was traveling was unreasonable for these conditions.
 {¶ 20} Wagamon's second assignment of error is overruled.
 {¶ 21} Judgment is affirmed.
 {¶ 22} It is ordered that appellee recover of appellant its costs herein taxed.
 {¶ 23} The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Heights Municipal Court to carry this judgment into execution.
 {¶ 24} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and MICHAEL J. CORRIGAN, J. CONCUR
KEYWORDS SUMMARY
Traffic Citation; Sufficiency Of Evidence; Reasonableness Of Speed